IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| MICHAEL WAYNE DAVIS | § | |
|---|---|---|
| v. | § | CIVIL ACTION NO. 6:16cv296 |
| J. J. SUTHERLAND | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Michael Wayne Davis, a prisoner of the Texas Department of Criminal Justice, Correctional Institutions Division proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. The sole named Defendant is an individual identified as J.J. Sutherland.

Davis asserts that Wayland Mills told him that Sutherland broke into Davis' shed and stole his drills, tools, car audio, and electronics. Willie Jones told Davis that Sutherland tried to sell Davis' possessions to Jones. Davis describes Sutherland as 29 years old and states he drives a Ford truck. He is from Whitehouse, Texas and his grandmother still has a house there, although Davis indicates Sutherland is currently in jail.

After review of the pleadings, the Magistrate Judge issued a Report recommending that the lawsuit be dismissed. The Magistrate Judge observed that claims under 42 U.S.C. §1983 require a showing that the alleged deprivation be committed by a person acting under color of state law, and Davis did not allege, much less show, that Sutherland was acting under color of state law in stealing his property. *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

1

Even if Sutherland were acting under color of state law, the Magistrate Judge stated that a random and unauthorized deprivation of property did not result in a violation of procedural due process if the state provides an adequate post-deprivation remedy. *Alexander v. Ieyoub*, 62 F.3d 709, 712 (5th Cir. 1995). The Texas state courts provide an adequate post-deprivation remedy through the tort of conversion. *Murphy v. Collins*, 26 F.3d 541, 543 (5th Cir. 1994). The Magistrate Judge therefore recommended that the lawsuit be dismissed as frivolous and for failure to state a claim upon which relief may be granted.

Davis received a copy of the Magistrate Judge's Report but filed no objections thereto; accordingly, he is barred from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to factual findings and legal conclusions accepted and adopted by the District Court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the pleadings in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined that the Report of the Magistrate Judge is correct. *See United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.") It is accordingly

**ORDERED** that the Report of the Magistrate Judge (docket no. 6) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the above-styled civil action is **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim upon which relief may be granted. This dismissal is without prejudice to the Plaintiff's right to seek such relief as he may be entitled in the courts of the State of Texas. It is further

**ORDERED** that any and all motions which may be pending in this civil action are hereby **DENIED**.

**So Ordered and Signed**
**May 31, 2017**

_____
Ron Clark, United States District Judge